UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>ANDREW WILLIAM ZAHN,<br>　　　　Defendant. | Case No. 4:18-cr-00150-JD-1<br><br>**ORDER RE COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 50 |

Defendant Andrew Zahn pleaded guilty to one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B), and is serving a term of imprisonment of 60 months at the United States Penitentiary in Lompoc, California, Federal Correctional Complex ("FCC"). Zahn has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the grounds that he is at a higher risk of severe illness from a COVID-19 infection. Dkt. No. 50. The government opposed the motion on the merits. Dkt. No. 51. The government also argued that the Court lacked jurisdiction to modify Zahn's sentence because he failed to exhaust administrative remedies. It has now abandoned that position, and the parties agree the Court has jurisdiction to decide the motion. Dkt. No. 57. The Court independently finds that thirty days have passed since Zahn submitted his release request to the warden of FCC Lompoc, and so 18 U.S.C. § 3582(c)(1)(A) does not bar this motion. The motion is suitable for decision without oral argument and is denied.

The statutory basis for compassionate release is in 18 U.S.C. § 3582(c)(1)(A)(i), and additional policy guidance is in Section 1B1.13 of the advisory United States Sentencing Guidelines. Both provisions permit the Court to reduce a term of imprisonment when "extraordinary and compelling reasons" warrant it. The Guidelines expressly contemplate the

possibility of a reduction for a defendant suffering from a terminal illness or a medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1(A).  There is also a catch-all provision that any extraordinary and compelling reason, even if it does not fall into a particular category, may justify a compassionate release. *Id.* cmt. n.1(D).  As in every exercise of sentencing discretion, the Court must take into account the applicable factors set out by Congress in 18 U.S.C. § 3553(a) to ensure that any revised term of imprisonment is sufficient, but not greater than necessary, to achieve the goals of sentencing.  18 U.S.C. § 3582(c)(1)(A).

Zahn requests compassionate release solely on the basis of the current public health situation and the conditions at the Lompoc prison where he is housed.  He does not make a more general request, and the Court would see no possibility of considering an early release outside of the circumstances related to the COVID-19 pandemic.  The risk factors that Zahn identifies are his age -- he is 63 years old[1] -- hypertension, and HIV-positive status. Dkt. No. 50 at 1.  In his reply brief, Zahn also says he is a smoker, and has had pneumonia and chronic obstructive pulmonary disease.  Dkt. No. 56 at 5.

These conditions are in the ballpark of the factors determined by the CDC to increase the morbidity and mortality risks associated with COVID-19 infection.  Strictly speaking, the CDC sets age 65 as a threshold, and states that people whose underlying conditions are not well controlled are the ones at the higher risk.  But the Court does not need to delve into the details of Zahn's medical profile because he has already been exposed to and tested positive for COVID-19. Dkt. No. 50 at 2.  The government reports that Zahn has fully recovered from the disease, and his infection status is listed as "resolved."  Dkt. No. 51 at 1.

Zahn does not dispute these facts.  His main response is that the current state of medical information cannot rule out the possibility of re-infection, or confirm that a prior infection confers immunity.  Dkt. No. 56 at 1.  It is certainly true that no scientific or evidence-based consensus on

---

[1] Zahn's motion describes him as 64, but records indicate he is 63.

these issues has emerged at this time.  It also appears to be true that the Lompoc FCC has hardly been a model of effective infection monitoring or control, and that some inmates may be subject to undue risks.  Even so, the immediate threat to Zahn has passed, fortunately with no serious complications of any kind.  That is enough to find that he has not proffered an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A)(i).

**IT IS SO ORDERED.**

Dated:  June 6, 2020

JAMES DONATO
United States District Judge